RAYNE
*v.*
TAYLOR.

---

## City of New Orleans *v.* Etienne Cordeviolle.

Plaintiff cited the defendant, "*Etienne Cordeviolle,*" a defaulting tax-payer, according to the Act of April, 1853, p. 86, by public advertisement, under the name, "*E. Cordoviatti.*" A judgment by fault was confirmed against him, and notice of the same was served on him in his true name. *Held:* that no reasonable pronunciation can make the word published, "*Cordoviatti*" sound like *Cordeviolle,* that the name advertised is not the name of defendant, and that the error is fatal.

APPEAL from the Sixth District Court of New Orleans, *Cotton,* J. *Hiestand & Levy,* for plaintiff. *Collens,* for defendant and appellant.

MERRICK, C. J. The defendant appeals from a judgment condemning him to pay $2717 85 taxes, levied by the city ordinance upon his real estate.

The suit is instituted under the summary proceedings, authorized by the Act of the legislature, approved April 15, 1853. Acts Session 1853, p. 86.

The defendant has assigned for error that, notwithstanding this suit is instituted against him, and notice of judgment was served on him, in his true name, *Etienne Cordeviolle,* yet the publication in the newspaper, which stands in the place of a citation, and is the foundation of the suit, nowhere names the defendant, the nearest approach to it being the name of *E. Cordoviatti.*

We think the error assigned is fatal. The statute requires that the advertisement shall contain the *names* of all the defaulting tax-payers, and the amount claimed from each. It is clear that no reasonable pronunciation can make the word published, "*Cordoviatti,*" sound like *Cordeviolle.* The name advertised is not the name of the defendant. It is hardly necessary to observe, that a case of this kind differs somewhat from a suit commenced by citation, where the personal service of the citation would demonstrate who was intended to be made defendant.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that there be judgment in favor of the defendant as in case of a non-suit, and that the plaintiff pay the costs in both courts.